UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAM NIWAS GAZAB,

                Petitioner,

    v.

TODD BLANCHE, *et al.*,

                Respondents.

Case No. C26-1366-MLP

ORDER

On April 22, 2026, Petitioner Ram Niwas Gazab, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from immigration custody on the grounds that his detention had become indefinite; an order preventing future redetention unless the government establishes by clear and convincing evidence that he is a flight risk or danger to the community; and an order barring or limiting third-country removal. (Dkt. # 1.) On May 14, 2026, Respondents filed a return in which they argue that Petitioner's petition is moot because he was released on April 24, 2026. (Dkt. # 9.) The return is supported by the declarations of ICE Deportation Officer Anthony Rosa (dkt. # 10) and Respondents' counsel, Lawrence Van Daley (dkt. # 11). In his reply, Petitioner acknowledges his claim for release is moot but contends that his request for injunctions limiting future redetention and third-country removal are not moot.

ORDER - 1

(Dkt. # 13.) The Court need not resolve the mootness issue because it concludes Petitioner is not entitled to habeas relief on his remaining claims. Accordingly, the Court DENIES the petition (dkt. # 1).

## I.    BACKGROUND

Petitioner, a citizen of India, was paroled into the United States in December 2022 and filed an application for asylum. (Dkt. # 1 at 6-7; Rosa Decl., ¶ 4.) Following a conviction and sentence for simple assault, Petitioner was released to ICE custody on April 17, 2024. (Dkt. # 1 at 7; Rosa Decl., ¶¶ 5-6.) On August 1, 2024, and on June 3, 2025, an immigration judge ("IJ") denied Petitioner's requests for release on bond. (Van Daley Decl., Exs. 1-2.)

On July 18, 2025, the IJ denied Petitioner's application for asylum but granted withholding and deferral of removal to India under the Convention Against Torture. (Van Daley Decl., Ex. 3.)

On April 24, 2026, Petitioner was "released from ICE custody pending [his] removal from the United States" under an Order of Supervision ("OSUP"). (Rosa Decl., ¶ 10; Van Daley Decl., Ex. 4.) Although the OSUP is not in the record before the Court, Respondents state that it imposed "standard reporting requirements." (Dkt. # 9 at 3.)

## II.    DISCUSSION

### A.    Legal Standards

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Procedural due process requires meaningful notice and a genuine opportunity to be heard before the federal government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1972). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1135 (W.D. Wash. 2025).

Even where an initial constitutional violation has been established, to obtain a permanent injunction a party must show "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).

**B.    Redetention**

Petitioner acknowledges that his return to ICE custody in 2024 following completion of his criminal sentence did not violate his due process rights, but he nonetheless asks the Court to impose an injunction limiting any future redetention. (*See* dkt. # 1 at 8-9.) Specifically, Petitioner asks the Court to order that the government may not redetain him unless it: (1) first obtains a valid travel document to a third country; (2) provides that document to him and his counsel; (3) affords him an opportunity to challenge the third-country removal; (4) gives him an opportunity

ORDER - 3

to depart on his own within two months; and (5) makes concrete arrangements for his flight prior to redetention. (Dkt. # 1 at 26.)

Respondents contend Petitioner's request is speculative and unripe because there is "currently no order or imminent plan to re-detain him" and any future custody decision will comply with applicable statutes, regulations, and due process. (Dkt. # 9 at 6.)

The record does not contain sufficient legal authority or factual development to establish that the Due Process Clause will be violated in the absence of Petitioner's proposed procedures. Petitioner acknowledges that his prior return to ICE custody did not violate due process and he makes no showing of a cognizable danger of recurrent violation. The Court therefore denies this request for injunctive relief.

### C.    Third-Country Removal

Petitioner asks the Court to restrict Respondents' ability to remove him to a third country. (Dkt. ## 1 at 26, 13 at 2-4.) Although the petition contains legal argument challenging Respondents' third-country removal practices in general, it does not explain why Petitioner himself faces a concrete, imminent risk of removal under the challenged policies at this time. (Dkt. # 1 at 13-20.) Moreover, Respondents in their return commit to compliance with procedural safeguards concerning notice and an opportunity to raise fear claims in accordance with a currently-stayed injunction in *D.V.D. v. U.S. Dep't of Homeland Sec.*, 2026 WL 521557 (D. Mass. Feb. 25, 2026). On this record, the Court cannot conclude that, absent an injunction, Petitioner "faces a likelihood of removal to a third country with no meaningful opportunity to challenge that decision." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 737 (W.D. Wash. 2025). Accordingly, the Court denies Petitioner's request for an injunction limiting third-country removal.

ORDER - 4

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's petition for writ of habeas corpus (dkt. # 1).

Dated this 29th day of May, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5